**Raymond W. ACCOLLA, Plaintiff,**

v.

**UNITED STATES GOVERNMENT, et al., Defendants.**

**No. 08 Civ. 7780(CM).**

United States District Court, S.D. New York.

Oct. 20, 2009.

Raymond Accolla, Butner, NC, pro se.

Joseph Nicholas Cordaro, U.S. Attorney's Office, New York, NY, Fay Angela Jones, Westchester County Attorney's Office, White Plains, NY, for Defendants.

MEMORANDUM DECISION AND OR-
DER GRANTING THE PENDING
MOTIONS TO DISMISS ALL
CLAIMS AS TIME–BARRED AND
DIRECTING THE CLERK TO EN-
TER AN AMENDED JUDGMENT

McMAHON, District Judge.

The reader is presumed to be familiar with the Court's July 15, 2009, 636 F.Supp.2d 304 (S.D.N.Y.2009), memorandum decision and order (1) granting the Government's motion to dismiss plaintiff's *Bivens* claim against defendant Flanagan, and (2) holding in abeyance the Government's motion to dismiss plaintiff's Federal Tort Claims Act (FTCA) claim as time-barred pending clarification of a statement made by plaintiff in a post-briefing submission dated May 1, 2009.

Since that order was handed down, I have received a motion to dismiss on statute of limitations grounds from defendant Westchester County Medical Center; that motion is now fully briefed and ready for decision.

There being no evidence that any of the Westchester County defendants other than the Medical Center has ever been served, I indicated at a pre-trial conference held in August that I intended to dismiss the complaint as against them.

**Motion by the United States**

■ I now dismiss the reserved FTCA claim, because it was not brought within the two-year limitations period for tort claims against the United States.

With respect to the FTCA claim, the Court previously concluded that plaintiff's administrative claim, submitted to the Bureau of Prisons on November 27, 2007, was untimely as a matter of law with respect to plaintiff's alleged "2004" injury. This injury occurred during plaintiff's incarceration in the Westchester County Jail in Valhalla, New York. Generally speaking, plaintiff sought to have the United States held responsible for this injury because he was incarcerated in the county jail while awaiting trial on federal charges.

Plaintiff claimed that he was prevented from exhausting his administrative remedy during his incarceration at Valhalla, and solely for purposes of its motion to dismiss, the Government accepted that allegation as true. However, plaintiff was transferred to FCI Schuylkill in September 2005. This left him plenty of time to exhaust his administrative remedy before the two-year statute of limitations expired on his claim in 2006. it thus appeared that the FTCA claim was also brought too late.

However, in a post-briefing submission in response to the Government's motion to dismiss his FTCA claim as time-barred, plaintiff asserted for the first time that he was also prevented from exhausting his administrative remedy at FCI Schuylkill. The Court held the Government's motion in abeyance pending receipt of documents from Pennsylvania that plaintiff contended would prove his newly asserted contention.

On August 4, 2009, the Government submitted the requested documents (Docket No. 52). The documents do not save plaintiff's FTCA claim. Most of the documents sent by the Government—including all of the documents in which plaintiff indicates that he is being prevented from exhausting administrative remedies—have nothing to do with FTCA exhaustion, but rather with exhaustion of claims that prison officials in Schuylkill failed to treat his illness/injury properly. In those documents—specifically, in a document dated March 15, 2008 (Ex. K)—plaintiff contended that Counselor "Stoll" (actually, Barry Stahl) refused to give him a Form BP–9, which is a form used by the BOP to exhaust administrative remedies for *Bivens* claims. Plaintiff asserted this claim again on March 19, 2008

(Ex. L). To the extent that plaintiff contends that he was prevented from exhausting his Pennsylvania claims, he has to make that argument to the Pennsylvania court.[1]

FTCA exhaustion is governed by 28 U.S.C. § 2401(b), which provides that a claimant must file an administrative tort claim with the BOP Regional Office where the claim occurred (in this case, the Northeast Regional Office). 28 C.F.R. § 543.32(g). The form created for this purpose is Form SF–95; that is the form plaintiff submitted to the Northeast Regional Office on November 27, 2007. There is no evidence in any of the documents submitted to the Court that plaintiff was ever denied access to Form SF–95 by personnel at FCI Schuylkill prior to the expiration of the statute of limitations in 2006, and the Government represents that it has found no record pre-dating November 27, 2007 that indicate any effort by plaintiff to obtain or file an SF–95.

Now that it is clear that the documents to which plaintiff referred in his May 1 submission have nothing whatever to do with exhausting his FTCA claim against the Government for anything done to him at Westchester County Jail in 2004, the Government's motion is granted and the FTCA claim is dismissed.

**Motion by Westchester County Medical Center**

■ Defendant Westchester County Medical Center has moved to dismiss the claims asserted against it on the ground that suit was not commenced until after expiration of the applicable three-year statute of limitations. That motion, too, is granted.

Plaintiff has alleged claims under Section 1983, sounding in deliberate indifference to his medical condition and cruel and unusual punishment. He asserts that he fell in a shower area, injuring his shoulder; that the shoulder was not properly treated, causing it to become infected with a "fungal bacterial infection." The blood test that led to this diagnosis also revealed that plaintiff had diabetes. He alleges that his diabetes resulted from the failure of the medical staff at the Westchester County Jail to treat him, which resulted in pancreatic shock. Elsewhere in the complaint, plaintiff avers that he had "MRSA" (Methicillin-resistant Staphylococcus aureus) when he left the Westchester County Jail for FCI Schuylkill, and that he retained the bacterium in his bloodstream because he had not been treated intravenously with Vancomycin, "the only antibiotic that is effective against this particular strain of Bacterium." (Compl. at 1–3.)

■ Section 1983 allows citizens to sue state officials for depriving them of their constitutional rights by action taken under color of state law. In New York, the statute of limitations for claims under Section 1983 is three years. *Connolly v. McCall*, 254 F.3d 36, 40–41 (2d Cir.2001). A claim accrues, and the statute begins to run, when the plaintiff knows or has reason to know of the injury that forms the basis of his action. *Singleton v. City of N.Y.*, 632 F.2d 185, 192 (2d Cir.1980).

■ Statutes of limitations are enforced strictly, even where a plaintiff is pro se. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

Plaintiff alleges that the accident that led to his shoulder injury took place in

---

1. The Government advises that plaintiff has made the argument, and that it has been tentatively rejected, in a Report and Recommendation by United States Magistrate Judge Blewitt.

2004. (Compl. at 1.) Although plaintiff has the burden of establishing that his suit is timely, he does not specify precisely when in 2004 his injury and the treatment therefore took place. It stands to reason, however, that the limitations period must have expired by the end of 2007, because plaintiff knew or had to know of his injury in 2004.

This lawsuit was filed on June 25, 2008. The claims against the Westchester Medical Center—such as they are [2]—arose out of treatment (or failure to treat) that took place in the wake of plaintiff's 2004 injury. (Compl. at 1–3.) The fair inference from plaintiff's pleading is that he knew or had reason to know of the allegedly deficient treatment well before June 25, 2005, which was at least six months—and probably much longer after plaintiff's "2004" injury occurred and led to the complications that resulted in his hospitalization at the Medical Center. Plaintiff's claims thus accrued more than three years before the complaint was filed on June 25, 2008, They are time-barred, and must be dismissed.

The Court's docket does not show a return of service on any Westchester defendant other than the Medical Center. The time for effecting service has long since expired. Furthermore, because any claims arising out of plaintiff s experience at the Westchester County Jail are time-barred, in that they were not commenced in this Court until June 25, 2008—more than three years after plaintiff's alleged 2004 injury—it would be futile to give plaintiff leave to effect service now.

Accordingly, the complaint is dismissed as against all defendants.

**2.** The Court is constrained to note that the pleading, generously read, fails to state any sort of claim against the Medical Center. The allegation, as i read it, is that the medical staff at the County Jail failed to treat him, which led to his pancreatic failure, which led to his

The Clerk of the Court has already entered a partial judgment in favor of the United States and defendant Flanagan. I am directing the Clerk to enter an amended judgment dismissing all claims against all defendants, for the reasons set forth in this decision and also in the decision and order of July 15, 2009. After the amended judgment is entered, the plaintiff will have sixty days to file a notice of appeal, since the United States is a party to the case. Fed. R.App. P. 4(a)(1)(B). Plaintiff is advised that a notice of appeal is to be filed with the Clerk of the Southern District of New York, not with the office of the Clerk of the Court of Appeals for the Second Circuit.

After entering the amended judgment, the Clerk is directed to CLOSE THIS FILE and to mark any open motion shown on the Court's list of pending motions DISMISSED AS MOOT.

This constitutes the decision and order of the Court.

hospitalization at the Medical Center, where he was diagnosed. It is hard to see how that states any claim against the Medical Center. However, it is easier to dismiss on the ground that the statute of limitations had run by the time plaintiff filed this action.